# Exhibit C

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **JACQUELYN L. GRAGG,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **THE STANDARD FIRE INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## <u>INDEX OF STATE COURT MATERIALS</u>

Pursuant to Local Rule CV-81(c)(2), Defendant The Standard Fire Insurance Company provides this list of all pleadings that assert causes of action, answers to such pleadings, and process and orders served on it.

C-1   02/08/2019   Civil Case Information Sheet

C-2   02/08/2019   Request for Citation

C-3   02/08/2019   Plaintiff's Original Petition

C-4   02/13/2019   Citation

C-5   02/19/2019   Affidavit of Service

C-6   03/07/2019   Defendant The Standard Fire Insurance Company's Original Answer

# Exhibit C-1

## CIVIL CASE INFORMATION SHEET

DCCV19-0791-349

Filed: 2/8/2019 4:18 PM
Teresia Coker
District Clerk
Anderson County, Texas
Teresia Coker

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED  Jacquelin L. Gragg v. The Standard Fire Insurance Company

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

**1. Contact information for person completing case information sheet:**

| Name: Philip M. Lindquist | Email: phil@le-llp.com | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| | | Plaintiff(s)/Petitioner(s): | ☒ Attorney for Plaintiff/Petitioner |
| Address: 5700 W. Plano Pkwy #3400 | Telephone: 469-917-5975 | JACQUELIN L. GRAGG | ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: _____ |
| City/State/Zip: Plano TX 75093 | Fax: 469-533-0360 | Defendant(s)/Respondent(s): THE STANDARD FIRE INSURANCE | Additional Parties in Child Support Case: Custodial Parent: |
| Signature: | State Bar No: 12367950 | COMPANY | Non-Custodial Parent: |
| | | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐ Consumer/DTPA ☒ Debt/Contract ☐ Fraud/Misrepresentation ☐ Other Debt/Contract: | ☐ Assault/Battery ☐ Construction ☐ Defamation *Malpractice* ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation ☐ Partition ☐ Quiet Title ☐ Trespass to Try Title ☐ Other Property: | ☐ Annulment ☐ Declare Marriage Void *Divorce* ☐ With Children ☐ No Children | ☐ Enforcement ☐ Modification—Custody ☐ Modification—Other |
| *Foreclosure* ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☐ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract: | ☐ Motor Vehicle Accident ☐ Premises *Product Liability* ☐ Asbestos/Silica ☐ Other Product Liability List Product: _____ ☐ Other Injury or Damage: | **Related to Criminal Matters** ☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus— Pre-indictment ☐ Other: | **Other Family Law** ☐ Enforce Foreign Judgment ☐ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other: | **Title IV-D** ☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☐ Support Order **Parent-Child Relationship** ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Parentage/Paternity ☐ Termination of Parental Rights ☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☐ Other Employment: | ☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property | ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other: | | |
| **Tax** | *Probate/Wills/Intestate Administration* | **Probate & Mental Health** | | |
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court ☐ Arbitration-related ☐ Attachment ☐ Bill of Review ☐ Certiorari ☐ Class Action | ☐ Declaratory Judgment ☐ Garnishment ☐ Interpleader ☐ License ☐ Mandamus ☐ Post-judgment | ☐ Prejudgment Remedy ☐ Protective Order ☐ Receiver ☐ Sequestration ☐ Temporary Restraining Order/Injunction ☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev  2/13

# Exhibit C-2

Filed: 2/8/2019 4:18 PM
Teresia Coker
District Clerk
Anderson County, Texas
Teresia Coker



**LINDQUIST EISENBERG**
LLP

Deborah L. Lindquist
Legal Assistant &
Office Administrator
Direct: 469-917-5977
debbie@le-llp.com

February 8, 2019            DCCV19-0791-349

Via: EFILE

Anderson County Clerk
500 N. Church Street, Room 18
Palestine, Texas 75801

Re:    Jacquelyn L. Gragg v. The Standard Fire Insurance Company

Dear Clerk:

Per your instructions I am requesting the citation in this matter to be emailed to me at
debbie@le-llp.com  The Standard Fire Insurance Company may be served through its Registered
Agent: Corporation Service Company, 211 East 7th Street, Suite 620, Austin
TX 78701 -3218.

Please let me know if you need anything else.  Thank you for your assistance.

With best regards,

Deborah L. Lindquist

# Exhibit C-3

Filed: 2/8/2019 4:18 PM
Teresia Coker
District Clerk
Anderson County, Texas
Teresia Coker

CAUSE NUMBER _DCCV19-0791-349_____

| | | |
|---|---|---|
| JACQUELYN L. GRAGG, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | _____  JUDICIAL COURT |
| | § | |
| THE STANDARD FIRE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| **Defendant.** | § | ANDERSON COUNTY, TEXAS |

## <u>PLAINTIFF'S ORIGINAL PETITION</u>

Plaintiff Jacquelyn L. Gragg, Independent Executor of the Estate of Billy H. Gragg, Deceased and individually, ("Plaintiff" or "Gragg") files this Original Petition against The Standard Fire Insurance Company ("Defendant") and, in support, states as follows:

### I.   DISCOVERY LEVEL

1.     Plaintiff pleads that discovery should be governed by a Level 3 Discovery Control Plan.

### II.   RULE 47(C) DISCLOSURE

2.     Plaintiff seeks only monetary relief over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorneys' fees.

### III.   PARTIES

3.     Plaintiff is an individual residing in Anderson County, Texas.

4.     Defendant, **The Standard Fire Insurance Company**, is a domestic insurance company regulated by the Texas Department of Insurance that may be served with process

pursuant to Texas Insurance Code § 804.102(b) by serving Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218, during regular business hours.

5.      Pursuant to § 30.014 of the Texas Civil Practice and Remedies Code, Plaintiff provides the following information:

Jacquelyn L. Gragg

440      Last three digits of Texas Driver's License

947      Last three digits of Social Security Number

## IV.      JURISDICTION AND VENUE

6.      Jurisdiction is proper in this Court because the relief sought is within this Court's jurisdictional limits.

7.      Pursuant to Texas Civil Practice and Remedies Code § 15.002(1), venue is proper in Anderson County, Texas, because the events or omissions giving rise to this lawsuit occurred in Anderson County, Texas.

## V.      FACTS

8.      Plaintiff is the owner of a house and real property located at 1020 Hilltop, Palestine, Anderson County, Texas (the "Property").  Until approximately May 2018, Plaintiff had the Property insured under an insurance policy with Defendant (the "Policy").  Plaintiff timely paid all of the Policy premiums.

9.      On or about January 26, 2018, a pipe burst causing damage to the house on the Property.  Shortly thereafter, Plaintiff timely reported the incident and submitted a claim to Defendant under the Policy (the "Claim").  Despite its contractual obligations, Defendant denied the Claim and otherwise failed and refused to pay for the damage in accordance with the terms of the Policy.  According to Defendant, it denied the Claim because "the heat was not being utilized

at the time causing the pipe to freeze and cause water damage to the interior." Defendant, thus, asserted that an exclusion in the Policy precluded coverage.

10.     After Defendant denied coverage, Plaintiff provided Defendant with evidence that heat had properly been maintained at the time of the incident.  Nonetheless, Defendant failed to respond and has continued to fail and refuse to pay for damage to the Property in accordance with the Policy.

11.     Defendant also has failed and refused, despite Plaintiff's request, to provide Plaintiff with a complete copy of the Policy.

## VI.     CAUSES OF ACTION
### COUNT ONE:  VIOLATIONS OF TEXAS INSURANCE CODE

12.     Plaintiff incorporates by reference all allegations contained in the preceding  paragraphs.

13.     Defendant failed to attempt to effectuate a prompt, fair and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060(a)(2)(A). Defendant failed to adopt and implement a reasonable standard for prompt investigation of claims arising under its policies. Defendant failed to provide a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060(a)(3). Defendant misrepresented the insurance policy under which it affords property coverage to Plaintiff by making an untrue statement of material fact in violation of Texas Insurance Code Section 541.061(1). Defendant misrepresented the insurance policy under which it affords property coverage to Plaintiff by failing to state a material fact that is necessary to make other statements not misleading in violation of Texas Insurance Code Section 541.061(2). Defendant misrepresented the insurance policy under which it affords property coverage to Plaintiff by making a statement in such a

manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061(3) and Texas Insurance Code Section 541.002(1). Defendant knowingly committed the foregoing acts, with actual knowledge of falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002(1).

<u>**COUNT TWO:   STATUTORY INTEREST & ATTORNEY FEES**</u>

14.    Plaintiff incorporates by reference all allegations contained in the preceding paragraphs.

15.    Plaintiff makes a claim for penalties of 18% statutory interest on the amount of the claim along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B  pursuant to Texas Insurance Code Section 542.060.

<u>**COUNT THREE:   BREACH OF CONTRACT**</u>

16.    Plaintiff incorporates by reference all allegations contained in the preceding paragraphs.

17.    Defendant breached its contract with Plaintiff by denying Plaintiff's claim under the Policy. As a result of Defendant's breach, Plaintiff suffered damages. All conditions precedent to Plaintiff's right of recovery have been met or otherwise occurred.

<u>**COUNT FOUR:   BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**</u>

18.    Plaintiff incorporates by reference all allegations contained in the preceding paragraphs.

19.    Defendant, as Plaintiff's insurer, had a duty to deal fairly and in good faith with Plaintiff in the processing of Plaintiff's claim. Defendant breached this duty by refusing  to properly investigate and effectively denying insurance benefits, and by failing to

provide a complete copy of the Policy to Plaintiff despite Plaintiff's repeated request. Defendant knew or should have known that there was no reasonable basis for denying or delaying the required benefits under the Policy. As a result of Defendant's breach of these legal duties, Plaintiff suffered legal damages.

### COUNT FIVE:   PUNITIVE DAMAGES FOR BAD FAITH

20.     Plaintiff incorporates by reference all allegations contained in the preceding paragraphs.

21.     Defendant acted fraudulently and with malice (as that term is legally defined) in denying Plaintiff's claims. Further, Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

### COUNT SIX:   VIOLATIONS OF TEXAS DTPA

22.     Plaintiff incorporates by reference all allegations contained in the preceding paragraphs.

23.     The Deceptive Trade Practices – Consumer Protection Act ("DTPA") provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendant's violations of the Texas Insurance Code create a cause of action under the DTPA. Defendant's violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well.

### KNOWLEDGE

24.     Plaintiff incorporates by reference all allegations contained in the preceding paragraphs.

25.    Each of Defendant's actions described herein were done "knowingly" as that term is used  in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## VII.    DAMAGES

26.    Plaintiff incorporates by reference all allegations contained in the preceding paragraphs.

27.    Plaintiff is entitled to the actual damages resulting from Defendant's breach of the insurance contract and violations of the law. These damages include actual damages resulting from the wrongful denial of benefits under the Policy and statutory damages as permitted by Texas law. In addition, Plaintiff is entitled to an award of exemplary damages. As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court. Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate. Defendant's knowing violations of the Texas Insurance Code  and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law. Plaintiff is also entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001, Tex. Ins. Code § 542.060(a)-(b), and Tex. Bus. & Com. Code § 17.50.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final hearing of this matter, Plaintiff have judgment against Defendant for the damages referenced herein, attorney fees, interest, costs of court, and for such other and further relief, both general and special at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**LINDQUIST EISENBERG LLP**

*/s/* Philip M. Lindquist
Philip M. Lindquist
State Bar No. 12367950
phil@le-llp.com
T. Blake Edwards
State Bar No. 24050553
blake@mylawteam.com
Robert J. Wood, Jr.
State Bar No. 00788712
robert@mylawteam.com
5700 West Plano Parkway
Suite 3400
Plano, Texas 75093
(469) 917-5975 – phone
(469) 533-0360 – fax

**ATTORNEYS FOR PLAINTIFF**

# Exhibit C-4

| **CITATION** - personal service  - TRC 99 |
|---|

THE STATE OF TEXAS:                    Cause No. **DCCV19-0791-349**

JACQUELYN GRAGG                 §    349TH JUDICIAL DISTRICT COURT
                                             §
VS                                          §    OF
                                             §
THE STANDARD FIRE INSURANCE  §    ANDERSON COUNTY, TEXAS
COMPANY


TO       The Standard Fire Insurance Company
         c/o Registered Agent Corporation Service Co
         211 E 7th St Suite 620
         Austin TX  78701-3218

Defendant- GREETING

**NOTICE TO DEFENDANT:  "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable Pam Foster Fletcher, 349th Judicial District Court of Anderson County, at the Courthouse in said County in Palestine, Texas. Said Plaintiff's Petition was filed in said court on the  8th day of February, 2019 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Palestine, Texas this 13th day of February, 2019.

                              TERESIA C COKER, DISTRICT CLERK
                              ANDERSON COUNTY, TEXAS
                               500 NORTH CHURCH STREET-ROOM 18
                               PALESTINE, ANDERSON COUNTY, TEXAS 75801


                    By_____
                              Shirley Furnish, Deputy Clerk



Attorney for Plaintiff:
12367950
PHILIP M LINDQUIST
5700 WEST PLANNO PKWY STE 3400
PLANO TX  75093

## OFFICER'S RETURN

Came to hand on the __ day of _____ 20___ at _____ o'clock ___M and executed the ___ day of _____20___ by delivering to defendant _____ in person,  a true copy of this citation with a copy of the petition attached thereto on ____ day of _____ 20___ at _____ o'clock ___M at _____ in _____ County, Texas.

[  ] Not executed. The diligence use in finding defendant being_____

_____

[ ] Information received as to the whereabouts of defendant being_____

Fees ........... $_____          _____Sheriff / Constable / District Clerk

_____ County, Texas

By_____ Deputy

"My name is _____ , my date of birth is _____ and my address is _____, _____, _____, _____, and _____.
     (Street)       (City)    (State)   (Zip Code)   (Country)

I declare under penalty of perjury that the foregoing is true and correct.

Executed in _____ County, State of _____, on the _____ day of _____, _____.
      (Month)     (Year)

_____
Declarant"

## VERIFICATION

On  this day personally appeared _____ known  to  me to be the person whose   name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument  has  been executed by me in this cause pursuant to the Texas Rules of  Civil Procedure.   I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit and have been authorized by the Anderson County Courts to serve   process   for Anderson County.

Subscribed  and sworn to before me on this the  _____ day of _____, 20___.

_____Notary Public

# Exhibit C-5

Filed: 2/19/2019 2:32 PM
Teresia Coker
District Clerk
Anderson County, Texas
Alicia Herbertson

**CITATION - personal service - TRC 99**

THE STATE OF TEXAS:                          Cause No. **DCCV19-0791-349**

JACQUELYN GRAGG                    §   349TH JUDICIAL DISTRICT COURT
                                   §
VS                                 §   OF
                                   §
THE STANDARD FIRE INSURANCE        §   ANDERSON COUNTY, TEXAS
COMPANY

TO      The Standard Fire Insurance Company
        c/o Registered Agent Corporation Service Co
        211 E 7th St Suite 620
        Austin TX  78701-3218

Defendant- GREETING

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable Pam Foster Fletcher, 349th Judicial District Court of Anderson County, at the Courthouse in said County in Palestine, Texas. Said Plaintiff's Petition was filed in said court on the 8th day of February, 2019 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Palestine, Texas this 13th day of February, 2019.

TERESIA C COKER, DISTRICT CLERK
ANDERSON COUNTY, TEXAS
500 NORTH CHURCH STREET-ROOM 18
PALESTINE, ANDERSON COUNTY, TEXAS 75801

By _____
        Shirley Furnish, Deputy Clerk



Attorney for Plaintiff:
12367950
PHILIP M LINDQUIST
5700 WEST PLANNO PKWY STE 3400
PLANO TX  75093

<u>OFFICER'S RETURN</u>

Came to hand on the ___ day of _____ 20___ at _____ o'clock ___M and executed the ___ day of _____ 20___ by delivering to defendant _____ in person, a true copy of this citation with a copy of the petition attached thereto on ____ day of _____ 20___ at _____ o'clock ___M at _____ in _____ County, Texas.

[ ] Not executed. The diligence use in finding defendant being** _____

_____

[ ] Information received as to the whereabouts of defendant being _____

**SEE ATTACHED
***AFFIDAVIT***

Fees ........... $_____          _____Sheriff / Constable / District Clerk

_____ County, Texas

By_____ Deputy

"My name is _____, my date of birth is _____ and my address is _____ . _____, _____, _____, and _____ .
             (Street)                    (City)              (State)          (Zip Code)              (Country)
I declare under penalty of perjury that the foregoing is true and correct.

Executed in _____ County, State of _____, on the _____ day of _____, _____ .
              (Month)              (Year)

_____

Declarant"

** SEE ATTACHED**
***AFFIDAVIT***

VERIFICATION

        On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit and have been authorized by the Anderson County Courts to serve process for Anderson County.
        Subscribed and sworn to before me on this the _____ day of _____, 20___.

_____Notary Public

## **AFFIDAVIT OF SERVICE**

**State of Texas**                    **County of Anderson**                    **349th Judicial District Court**

Case Number: DCCV19-0791-349

Plaintiff:
**JACQUELYN GRAGG**

vs.

Defendant:
**THE STANDARD FIRE INSURANCE COMPANY**

Received these papers on the 15th day of February, 2019 at 4:30 pm to be served on **THE STANDARD FIRE INSURANCE COMPANY care of its Registered Agent, CORPORATION SERVICE COMPANY, 211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701.**

I, Thomas R. Kroll, being duly sworn, depose and say that on the **18th day of February, 2019 at 9:20 am, I:**

delivered to **THE STANDARD FIRE INSURANCE COMPANY** a true copy of this **Citation for Personal Service together with Plaintiff's Original Petition,** by delivering to its Registered Agent, **CORPORATION SERVICE COMPANY, by and through its designated agent, ADAM WAYS, at the address of: 211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701,** having first endorsed upon such copy of such process the date of delivery.

I certify that I am approved by the Judicial Branch Certification Commission, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas.  I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 18th day of
February, 2019 by the affiant who is personally known to
me.



NOTARY PUBLIC

_____
**Thomas R. Kroll**
PSC - 3012, Exp. 8/31/2019

Our Job Serial Number: THP-2019004108
Ref: 046-0403

HELEN LUPERCIO
Notary Public, State of Texas
Comm. Expires 11-04-2019
Notary ID 130429927

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0h



# Exhibit C-6

Filed: 3/7/2019 10:58 AM
Teresia Coker
District Clerk
Anderson County, Texas
Teresa Woodall

**CAUSE NO. DCCV19-0791-349**

| | | |
|---|---|---|
| **JACQUELYN L. GRAGG,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **349TH JUDICIAL COURT** |
| **THE STANDARD FIRE INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | **ANDERSON COUNTY, TEXAS** |

**DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
ORIGINAL ANSWER**

In response to Plaintiff's Original Petition (the "Petition"), Defendant The Standard Fire Insurance Company ("Standard Fire" or "Defendant"), file its Original Answer thereto.

**I.**

**GENERAL DENIAL**

Defendant denies all and singular the allegations contained in the Petition and demands strict proof thereof.

**II.**

**ADDITIONAL DEFENSES**

1.      Defendant denies that all conditions precedent to Plaintiff's claims for recovery have occurred or been met, and they have not been waived.

2.      Coverage is precluded to the extent Plaintiff seeks reimbursement for the replacement cost value of property, which has not been repaired or replaced.

3.      Coverage is excluded by the exclusion for a loss "caused by or resulting from freezing if you have not used reasonable care to: (1) Maintain heat in the building."

4.      Coverage is precluded to the extent Plaintiff seeks reimbursement for replacement cost without deduction for depreciation exceeding the smallest of the following: "(1) the limit of liability under this policy applicable to the damaged or destroyed building structure(s); (2) the cost to repair or replace that part of the building structure(s) damaged, with material of like kind and quality and for the same use and occupancy on the same premises; or (3) the amount actually and necessarily spent to repair or replace the damaged building structure(s)."

5.      Coverage is precluded to the extent Plaintiff seeks reimbursement for replacement cost of personal property and wall to wall carpeting, for which coverage is limited to: (1) the actual cash value at the time of loss determined with proper deduction for depreciation; or (2) the cost to repair or replace the damaged property with material of like kind and quality, with proper deduction for depreciation; or (3) the specified liability limit of the policy.

6.      Some or all of Plaintiff's claims may be excluded by breach of policy requirements and/or conditions in the Policy, including the insured's duties after loss, such as the failure to protect the property from further damage or make reasonable and necessary repairs to protect the property.

7.      Coverage may be excluded in part by the Ordinance or Law exclusion or the limitation for Building Ordinance or Law extension, for which no coverage is available if repairs are not made "as soon as reasonably possible after the loss or damage, not to exceed 365 days after loss unless you have requested in writing that this time limit be extended for an additional 180 days."

8.      Plaintiff's claims may be barred in part by the exclusion for "Fungi", Other Microbes or Rot and/or limited to the $5,000 sub-limit for Limited "Fungi", Other Microbes or

Rot Remediation extension if all "reasonable means were used to save and preserve the property at the time of and after the covered loss."

9.     Plaintiff's claims may be barred in whole or in part by the exclusion for Settling, Cracking, Bulging, Shrinkage or Expansion of Specific Property.

10.     Plaintiff has failed to mitigate her damages.

11.     Plaintiff's claims are subject to the deductible of the insurance policy at issue, as well as the limits therein.

12.     All or a portion of Plaintiff's claims were caused by the negligence and/or comparative responsibility of Plaintiff, persons acting on Plaintiff's behalf and/or under Plaintiff's direction or control, and/or third parties over which Defendant had no control.

13.     Standard Fire reserves the right to invoke appraisal.

14.     Defendant is entitled to a credit or offset for all amounts previously paid by any other insurer.

15.     Plaintiff has failed to state a claim.

16.     Plaintiff's exemplary damages claims are barred in whole or in part by the Due Process Clause and the Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice & Remedies Code, or any other applicable law.

WHEREFORE, PREMISES CONSIDERED, Defendant The Standard Fire Insurance Company prays that Plaintiff takes nothing by this suit, and that Defendant goes hence and recover costs on its behalf expended.

Respectfully submitted,


*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
ALISSA PUCKETT
State Bar No. 24056886
QUILLING, SELANDER, LOWNDS, WINSLETT
& MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Phone)
(214) 871-2111 (Fax)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Original Answer has been furnished to counsel of record as provided below, via electronic mail, in accordance with the Texas Rules of Civil Procedure, this 7th day of March 2019:

Philip M. Lindquist
T. Blake Edwards
Robert J. Wood, Jr.
Lindquist Eisenberg LLP
5700 West Plano Parkway, Suite 3400
Plano, Texas 75093
phil@le-llp.com
blake@mylawteam.com
robert@mylawteam.com


*/s/ Wm. Lance Lewis*
Wm. Lance Lewis / Alissa Puckett